# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CASE NO. 21 Cr. 447 (CJN) |
| JONATHAN DANIEL POLLOCK, | : | |
| JOSEPH DANIEL HUTCHINSON III | | |
| JOSHUA CHRISTOPHER DOOLIN | : | |
| MICHAEL STEVEN PERKINS, and | | |
| OLIVIA MICHELE POLLOCK | : | |

## GOVERNMENT'S MOTION TO MODIFY CONDITIONS OF RELEASE AND RESPONSE TO SHOW CAUSE

The United States of America respectfully submits this motion to modify conditions of release to prohibit all in person communication and association amongst co-defendants unless such contact is in the presence of counsel.   This motion also serves as a response to the Court's show cause order (Min. Order, Apr. 6, 2022).   This motion is made pursuant to 18 U.S.C. § 3145(a)(1), which allows the Government to request the court to amend conditions of release.   The inclusion of this condition will reasonably assure the safety of the community.

## Background[1]

On January 6, 2021, the defendants engaged in coordinated attacks on law enforcement officers at the U.S. Capitol.   The defendants, who are either related or are close friends, all lived

---

[1] Much of the information outlined in this section is contained in previous court filings that include Complaint and Affidavit in Support of Criminal Complaint and Arrest Warrant (ECF No. 1 (the "Complaint")), Indictment (ECF No. 8), Government's Memorandum in Support of Pretrial Detention for Perkins (ECF No. 10), Government's Memorandum in Opposition to Defendant's Motion to Modify Conditions of Release for Doolin (ECF No. 36), Government's Memorandum in Opposition to Defendant's Motion to Modify Conditions of Release for Perkins (ECF No. 42), Government's Memorandum in Opposition to Defendant's Second Motion to Modify Conditions of Release for Doolin (ECF No. 54), Government's Response to Defendant's Motion to Modify Conditions of Release for Perkins (ECF No. 73), Government's Memorandum in Opposition to Defendant's Motion to Modify Conditions of Release for Hutchinson (ECF No. 88).

near one another in the same area of Florida.  The defendants and other relatives and friends traveled together to Washington D.C. to participate in the events of January 6, 2021.

Upon arriving on the U.S. Capitol grounds, the various groupings of the defendants participated in at least four bouts of assaultive conduct against U.S. Capitol Police and/or the Metropolitan Police Department officers who were protecting the west side of the Capitol.   The defendants' actions included removing police barriers that allowed rioters to breach the police line in front of the Capitol, charging lines of officers, physically attacking officers, using weapons against officers, forcibly taking equipment from officers, and then using that equipment as weapons against the officers.   (*See* Complaint.) Several of the defendants were dressed in military-style tactical gear and possessed weapons and/or items that could be used to restrain others. The defendants' travel to the Capitol and the manner in which they assaulted officers demonstrated prior planning and coordination.

On June 25, 2021, as a result of the defendants' actions, a complaint was filed that included the following charged offenses: (1) Assaulting, Resisting, or Impeding Certain Officers Using a Dangerous Weapon, in violation of 18 U.S.C. §§ 111(a)(1), and (b) (Jonathan Pollock, Doolin, Perkins); (2) Assaulting, Resisting, or Impeding Certain Officers or Employees, in violation of 18 U.S.C. §§ 111(a)(1), and 2 (Hutchinson, Olivia Pollock); (3) Theft of Government Property, in violation of 18 U.S.C. § 641 (Jonathan Pollock); (4) Knowingly Entering or Remaining in any Restricted Building or Grounds Without Lawful Authority, in violation of 18 U.S.C. § 1752(a)(1) (Jonathan Pollock, Hutchinson, Doolin, Perkins, Olivia Pollock); (5) Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2) (Jonathan Pollock, Hutchinson, Doolin, Perkins, Olivia Pollock); (6) Engaging in Physical Violence in a

Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(4) (Jonathan Pollock, Hutchinson, Doolin, Perkins, Olivia Pollock); (7) Violent Entry and Disorderly Conduct on Capitol Grounds, in violation of 40 U.S.C. § 5104(e)(2)(E) (Obstructing or Impeding Passage Through or Within the Capitol Grounds (Jonathan Pollock), and (8) Engaging in Physical Violence on Capitol Grounds, in violation of 40 U.S.C. § 5104(e)(2)(F) (Jonathan Pollock, Hutchinson, Doolin, Perkins, Olivia Pollock).   (ECF No. 1) A grand jury later returned an indictment charging the same offenses.[2]   (ECF No. 8.)

On June 30, 2021, Hutchinson was arrested in the Middle District of Georgia and Doolin, Perkins, and Olivia Pollock were arrested in the Middle District of Florida.  They were then presented in their respective districts on that same date.  The Government did not seek pretrial detention with respect to Hutchinson, Doolin, and Olivia Pollock, because they did not qualify for detention under 18 U.S.C. § 3142(f)(1)(A)-(B), (f)(2).[3]  (ECF No. 74, 75, 84.)  These three defendants were therefore released subject to bail conditions.  A subsequent hearing was held in this district before Magistrate Judge G. Michael Harvey, who set high intensity supervision conditions for Hutchinson, Doolin, and Olivia Pollock.  (ECF No. 21-23.)  With respect to

---

[2] Although the Complaint charged Doolin with violations of 18 U.S.C. §§ 111(a)(1) and (b), 18 U.S.C. 1752(a)(1), 18 U.S.C. § 1752(a)(2), 18 U.S.C. 1752(a)(4), and 40 U.S.C. § 5104(e)(2)(F), the Indictment charged only violations of 18 U.S.C. 1752(a)(1) and 18 U.S.C. § 1752(a)(2).  The Indictment also did not allege any violations of 40 U.S.C. § 5104(e)(2)(E).

[3] While Hutchinson and Olivia Pollock were charged with Assaulting, Resisting, or Impeding Certain Officers or Employees, in violation of 18 U.S.C. § 111(a)(1), the offense does not qualify as a crime of violence under 18 U.S.C. § 3142(f)(1)(A) because § 111(a) does not require proof of violence force capable of causing physical pain or injury.  *See United States v. Dominguez-Maroyoqui*, 784 F.3d 918, 921 (9th Cir. 2014).

Hutchinson, Doolin, and Olivia Pollock, Judge Harvey did not impose a condition that would have prohibited communication amongst the defendants.

The Government did seek detention with respect to Perkins as he was charged with Assaulting, Resisting, or Impeding Certain Officers Using a Dangerous Weapon, in violation of 18 U.S.C. §§ 111(a)(1), and (b), which qualifies as a crime of violence under 18 U.S.C. § 3142(f)(1)(A).[4]   At an initial appearance in the Middle District of Florida, the Government orally moved for detention and Perkins' counsel requested the detention hearing be conducted in the District of Columbia.   (ECF No. 76.)   A detention hearing was conducted in this district on July 8 and 13, 2021.   Following that hearing, Judge Harvey ordered Perkins released on his own recognizance, subject to other conditions, including no contact with co-defendants, victims, or witnesses unless in the presence of counsel, home detention, and GPS monitoring.   (ECF No. 29.)

Defendant Jonathan Pollock, who was the most violent of the defendants in this case, fled his area of residence before he could be arrested.   He remains a fugitive.

During the pendency of this case, the defendants have sought multiple modifications of release conditions.   (ECF No. 35, 52 (Doolin motions); 40, 61, 71, 72 (Perkins Motions);   65, 69, 86, 87, 94 (Hutchinson Motions) .)   In particular, Hutchinson has filed multiple motions to modify conditions of release to permit travel to Florida for the purposes of attending events and socializing with his co-defendants.   (ECF No. 65, 69, 86, 87, 94.)   Perkins also filed motions to modify his conditions of release so that, among other things, he could have contact with his co-defendants.

---

[4] *See United States v. Sabol*, 21-cr-35-EGS, 2021 WL 1405945, at *6-7 (D.D.C. April 14, 2021) (defendants charged with 18 U.S.C. § 111(b) is charged with a crime of violence); *United States v. Klein*, 21-CR-236-JDB, 2021 WL 1377128, at *6 (D.D.C. Apr. 12, 2021) ("The D.C. Circuit has not weighed in, but every circuit to address the issue has ... conclude[ed] that § 111(b) does constitute a crime of violence.")

(ECF No. 71, 72.)   The Government objected to each modification request, in part on the grounds that contact between Perkins, Hutchinson, and their co-defendants presented a danger to the community.   (*See, e.g.,* ECF No. 73.)   The Court granted Hutchinson and Perkins' requests. (ECF No. 66, 89; Min. Order, Dec. 22, 2021; Min. Order, Apr. 6, 2022.)

## Argument

The Bail Reform Act, 18 U.S.C. § 3141 *et seq*., provides the judicial mechanism in granting pretrial release of criminal defendants and gives judicial officers the authority to make determinations regarding bail in all stages of a criminal.   Under the Act, defendants who are not subject to detention, can be released "subject to the least restrictive further condition, or combination of conditions, that [the court] determines will reasonably assure the appearance of the person as required and the safety of any other person and the community ...." 18 U.S.C. § 3142(c)(1)(B).   There are thirteen enumerated conditions in the statute including that the defendant "abide by specified restrictions on personal associations, place of abode, or travel" and to "avoid all contact with an alleged victim of the crime and with a potential witness who may testify concerning the offense."   § 3142(c)(1)(B)(iv)-(v).   "The judicial officer may at any time amend the order to impose additional or different conditions of release."   § 3142(c)(3).   The conditions of release can be reviewed pursuant to 18 U.S.C. § 3145(a) which allows the Government to file a motion to revoke the order or request amendments of the conditions of release.   § 3145(a)(1).

The Government requests that an additional condition be imposed that prohibits the defendants from communicating or meeting with one another, in person, unless counsel is present. This request is based on the defendants' dangerousness and the fact that one of their co-defendants,

is actively eluding law enforcement as a fugitive.  "There is no doubt that preventing danger to the community is a legitimate regulatory goal." *United States v. Salerno*, 481 U.S. 739, 747 (1987). "The government's interest in preventing crime by arrestees is both legitimate and compelling." *Id*. at 749.

The defendants' actions on January 6, 2021, were extremely dangerous as they were part of a violent mob that targeted law enforcement officers protecting the Capitol.  They assaulted officers, broke through barricades, carried or acquired weapons and restraint devices, and planned and coordinated their actions.  "[T]hose who actually assaulted police officers and broke through windows, doors, and barricades, and those who aided, conspired with, planned, or coordinated such actions, are in a different category of dangerousness than those who cheered on the violence or entered the Capitol after others cleared the way." *United States v. Munchel*, 991 F.3d 1273, 1284 (D.C. Cir. 2021).  Indeed, setting aside the whether the defendants are eligible for pre-trial detention pursuant to 18 U.S.C. 3142(f), their conduct on January 6, 2021 and in the days prior satisfies many of the factors the Chief Judge Howell has identified in assessing the nature and circumstances of the offense charged, in the context of a detention determination:

> "(1) 'whether a defendant has been charged with felony or misdemeanor offenses';
> (2) 'any indication that a defendant engaged in prior planning before arriving at the
> Capitol'; (3) 'a defendant's carrying or use during the riot of a dangerous weapon';
> (4) 'coordination with other participants before, during, or after the riot'; (5)
> whether the defendant 'assumed either a formal or a de facto leadership role in the
> assault by encouraging other rioters' misconduct'; and (6) 'a defendant's words and
> movements during the riot' including whether he 'damaged federal property,'
> 'threatened or confronted law enforcement, or otherwise promoted or celebrated
> efforts to disrupt the certification of the electoral vote count during the riot.'"

*United States v. DeGrave*, 539 F. Supp.3 d 184, 201 (D.D.C. 2021) (citing *United States v. Chrestman*, 525 F. Supp.3 d 14, 25-26 (D.D.C. 2021)).

With the exception of Doolin, each of the defendants has been charged with felony offenses involving assaults on police officers.  Hutchinson's conduct on January 6, 2021 was particularly egregious:  In less than half an hour, he participated in four separate assaults on law enforcement officers, several in close coordination with Jonathan Pollock.  *See* Complaint ¶¶ 33(d), 34(b); 35(b)-(h), 36(b)-(g).  All of the defendants coordinated their travel to and from Washington D.C.; two of the defendants – Hutchinson and Olivia Pollock – brought with them and wore military-style tactical vests. [5]  *See, e.g.,* Complaint ¶¶ 19, 27, 32, 34(b), 35(d); 36(f).  While the Government does not have evidence that any of these defendants brought weapons with them to Washington D.C., Perkins used a flagpole to assault two police officers.  Complaint ¶ 34(f)-(g). In addition, Doolin contemplated bringing a firearm with him to the Capitol, *see* ECF No. 36 at 4-6, and enthusiastically expressed his intent to violently "storm[] the capital [*sic*]," *see id.* at 6. And, while on Capitol grounds, Doolin acquired zip ties, a cannister of crowd-control spray, and a riot shield.  *See id.* at 11-15.  The nature and circumstances of the defendants' conduct demonstrate a tendency towards violence, a flagrant disregard of legal authority, and a willingness to impede and obstruct the lawful function of government. *See United States v. Khater*, 856 Fed. Appx. 322, 324 (D.C. Cir. 2021).

The fugitive status of Jonathan Pollock weighs in favor of imposing this condition as well. The defendants are family members and/or close associates of Jonathan Pollock, who has now evaded apprehension for more than nine months, a significant period of time which suggests that he has received assistance from those close to him.  A condition prohibiting contact with co-

---

[5] Jonathan Pollock and another member of the group, Associate-2, also brought and wore military-style tactical vests.   Their vests, as well at Hutchinson's, displayed matching patches. *See* Complaint ¶¶ 16, 19.

defendants is not uncommon in multi-defendant cases where defendants coordinated together to commit crimes.  *See United States v. Gulkarov*, 2022 WL 205252 at *5-6 (S.D.N.Y. Jan. 24, 2022); *United States v. Sorensen*, 2017 WL 4799793 at *5-6 (D. Nev. Oct. 23, 2017).   Family relations or friendships between the defendants should not be an impediment to the imposition of a no contact condition. *Gulkarov*, 2022 WL 205252 at *6 (defendants were brothers-in-law); *Sorensen,* 2017 WL 4799793 at *6 (defendants were "best friends most of their lives [and] would like to be able to socialize and remain friends while on release.")

Consistent with the Government's previous opposition to modifications to the defendants' release conditions that would permit them to be in close and in-person contact with each other, the Government respectfully requests that the Court impose a condition requiring that the defendants avoid all in person contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution, including with co-defendants charged in the instant matter, unless in the presence of counsel.   Such a condition will assure the safety of the community and prevent or reduce the risk of future criminal activity, including any support, direct or indirect, to their fugitive co-defendant.

The defendants object to the imposition of such a condition.

## **Conclusion**

For the foregoing reasons, the government respectfully requests that the Court grant this

motion.

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

/s/ *Matthew Moeder*
Matthew Moeder
Assistant United States Attorney
MO Bar No. 64036
400 East 9th Street, Room 5510
Kansas City, Missouri 64106
Matthew.Moeder@usdoj.gov
(816) 426-4103


Benet Kearney
Assistant United States Attorney
NY Bar No. 4474048
1 Saint Andrew's Plaza
New York, New York 10007
Benet.Kearney@usdoj.gov
(212) 637 2260

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 20, 2022 I caused a copy of the foregoing opposition to be served on defense counsel of record via email.

<u>*/s/ Matthew Moeder*</u>
Matthew Moeder
Assistant United States Attorney