UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 21-CR-447 (CJN) |
| : | |
| OLIVIA MICHELE POLLOCK, : | |
| : | |
| Defendant. : | |

**GOVERNMENT'S MOTION TO REVOKE DEFENDANT'S PRETRIAL RELEASE**

On February 25, 2023, nine days before her trial was scheduled to commence, the defendant, Olivia Pollock, tampered with her GPS monitor and fled. More than ten months later, she was apprehended, along with two of her co-defendants. The defendant has demonstrated that there is no condition or combination of conditions that will assure that she will not flee. Therefore, the government respectfully moves this Court revoke the defendant's pretrial release pursuant to 18 U.S.C. § 3148.

## BACKGROUND

**A. Olivia Pollock's Conduct on January 6, 2021**

On the morning of January 6, 2021, the defendant, along with family and friends who had traveled with her to Washington, D.C., attended the "Stop the Steal" rally near the Washington Monument. Then, along with thousands of others, they marched to the Capitol. The defendant and her group, including co-defendants Jonathan Pollock (her brother), Joseph Hutchinson, Joshua Doolin (her cousin), and Michael Perkins, crossed over the restricted perimeter that the United States Capitol Police and the Secret Service had established around the Capitol building and portions of the Capitol grounds. By 1:56 p.m., the defendant and the group were on the south side

1

of the West Plaza, where police had established a line in order to prevent the mob from advancing further.  There, she watched as police officers deployed OC spray and were attacked by rioters.

At approximately 2:12 p.m., police officers began moving down the steps on the West Plaza, pushing rioters back.  Hutchinson, followed by the defendant, stepped forward, punched at an officer, then grabbed the sleeve of another officer and threw the officer out of his way.  Two police officers attempted to pass Hutchinson and the defendant, moving in the direction of an officer who was deeper in the crowd.  The defendant, who was wearing a plate carrier, engaged with one of those officers, Officer S.S., wrapping up his arm and baton, and attempted to take his baton from him.  As Officer S.S. pushed towards her with his baton, the defendant lost her balance.  She then regained her balance, advanced towards Officer S.S. with her hands raised in a fighting gesture, struck at S.S. with her right hand and elbowed him in the chest.  She then again attempted to take his baton.

The defendant remained within the restricted perimeter for at least another two and a half hours, until at least shortly before 5:00 p.m.  During that time, she ascended to the Upper West Terrace of the Capitol building, then traveled to the inaugural stage.

### B. The Charges and Pre-Trial Release

On June 25, 2021, the Honorable G. Michael Harvey, United States Magistrate Judge for the District of Columbia, found probable cause that the defendant had violated 18 U.S.C. §§ 111(a)(1) (Assaulting, Resisting, or Impeding Certain Officers or Employees; Aiding and Abetting); 18 U.S.C. § 1752(a)(1), (2), and (4) (Unlawful Entry and Engaging in Acts of Violence in Restricted Building or Grounds); and 40 U.S.C. § 5104(e)(2)(F) (Act of Violence in the Capitol Grounds or Buildings) and issued an arrest warrant for the defendant.  ECF Nos. 1, 5.  Judge Harvey also found probable cause that Jonathan Pollock and Hutchinson had committed offenses

at the U.S. Capitol on January 6, 2021 and issued warrants for their arrest as well. ECF Nos. 1, 11, 287 at 1.  The defendant was arrested on June 30, 2021 at the Pollock family residence in Lakeland, Florida.  Jonathan Pollock was not present at the Pollock family residence at the time of the arrest; agents were unable to locate him to effect the arrest.  Hutchinson was arrested in the Middle District of Georgia on June 30, 2021.  ECF No. 11.

On July 8, 2021, the defendant and Hutchinson had their initial appearance in the District of Columbia in front of Judge Harvey. Judge Harvey released them pending trial, subject to bond conditions that included GPS location monitoring.  ECF Nos. 21, 23.

The defendant, Hutchinson, and Jonathan Pollock were subsequently charged in a superseding indictment on July 13, 2022.  ECF No. 116.

On May 5, 2022, this Court set a January 30, 2023 trial date for the defendant and Hutchinson. May 5, 2022 Minute Order.  The Court subsequently continued the trial until March 6, 2023.[1]  July 28, 2022 Minute Order.  On February 22, 2023, the Court held a pretrial conference, at which the defendant appeared via Zoom. Feb. 22, 2023 Minute Entry.

C. The Defendant's Flight and Apprehension

On February 25, 2023, a Pretrial Services Officer in the Middle District of Florida who was responsible for supervising the defendant received a tamper alert from her GPS monitor. On February 27, 2023, the officer attempted a home visit, but was unable to locate her.  Attempts to reach her by phone were also unsuccessful.  *See*  ECF No. 198 at 2.  On March 1, 2023, the Court issued an arrest warrant for the defendant.[2]  ECF No. 291 at 1.

---

[1] The Court later severed Hutchinson from the March 6, 2023 trial and set an August 7, 2023 trial date for him.  Minute Order Feb. 14, 2023.

[2] On February 27, 2023, a Probation Officer the Middle District of Georgia who was responsible for supervising Hutchinson received a tamper alert from Hutchinson's GPS monitor. Subsequently, Hutchinson's monitor was located; it had been cut and hidden in a pail wrapped in

The defendant evaded apprehension for more than 10 months. On the night of January 5-6, 2024, the FBI executed warrants at a ranch in Groveland, Florida and arrested the defendant, Hutchinson, and Jonathan Pollock. On January 8, 2024, the defendant appeared before the Honorable Philip R. Lammens, United States Magistrate Judge for the Middle District of Florida, and the government moved for detention. The defendant did not contest detention at the time, but reserved the right to request a bond hearing at a later date. ECF No. 291 at 2.

## ARGUMENT

### I. Applicable Authority

Under 18 U.S.C. § 3148(a), "[a] person who has been released under section 3142 of this title, and who has violated a condition of his release, is subject to a revocation of release." Specifically, "[t]he judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer finds that there is (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or (B) clear and convincing evidence that the person has violated any other condition of release . . . [and that] based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or . . . the person is unlikely to abide by any condition or combination of conditions of release." 18 U.S.C. § 3148(b).

### II. There Are No Conditions of Release That Will Mitigate the Risk That the Defendant Will Flee.

The defendant has done the very thing that her conditions of release were meant to guard against: She failed to appear for trial and absconded. The defendant was already subject to location

---

tinfoil. ECF 199-1 at 1-2. The Court issued a warrant for Hutchinson's arrest on March 1, 2023. ECF No. 289 at 1.

monitoring, enforced by GPS. She thwarted that safeguard. Moreover, she was able to avoid apprehension for more than ten months and was eventually found in a location with her two co-defendants. This, along with the timing of her flight with Hutchinson's, suggests that the defendant has access to a network of individuals who are willing and able to provide assistance to those seeking to avoid detection by law enforcement and engaged in extensive coordination regarding her plans to flee. There is no reason to believe that the defendant would not flee again, were she to be released.

## CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court revoke Olivia Pollock's pretrial release.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY

BY: *[signature]*
Benet J. Kearney
Assistant United States Attorney
N.Y. Bar No. 4774048
26 Federal Plaza
New York, NY 10278
benet.kearney@usdoj.gov
(212) 637-2260
Benet.Kearney@usdoj.gov

Brendan Ballou
Special Counsel
DC Bar No. 241592
950 Constitution Avenue NW
Washington, DC 20530
(202) 431-8493
Brendan.Ballou-Kelley@usdoj.gov